UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MOBRO MARINE INC.,

    Plaintiff,

v.                                    Case No.3:11-cv-622-J-12JBT

ESSEX INSURANCE COMPANY,
etc., et al.,

    Defendants.

_____

## ORDER

This cause is before the Court on "Defendant Acorn's Partially Unopposed [1] Motion for Remand and Abatement of Plaintiff's Action" (Doc. 8)(motion for remand and motion for abatement)[2], filed July 22, 2011. Defendant Essex Insurance Company's (Essex) memorandum in opposition (Doc. 17) was filed on August 15, 2011. On September 19, 2011, Defendant Acorn Insurance (Acorn) and Plaintiff Mobro Marine, Inc. (Plaintiff) filed replies (Docs. 33 and 34) to Essex's memorandum in opposition. The Court conducted a hearing on the motions on October 19, 2011. For the reasons set forth below, the Court will deny the motion for remand and deny the motion for abatement of this action, but because the claims sought to be abated are contingent and premature, the Court will dismiss them without prejudice.

_____

[1]     Plaintiff indicates that it does not oppose remand of this action to state court, but had no legal basis to challenge removal because diversity of citizenship and amount in controversy are uncontested, and the only bases for remand asserted are the failure of all the Defendants to consent (lack of unanimity) or fraudulent joinder. See Doc. 34.

[2]     While Acorn's motion is styled in the conjunctive, the relief sought is in the alternative, that is, Acorn seeks either remand of the entire case to state court or abatement of the claims against it in this Court.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action against Defendants in state court seeking to recover damages in excess of $1 million due to the loss of its crane that allegedly was completely destroyed on January 22, 2011, in a salvage operation. In its Complaint (Doc. 2), Plaintiff alleges that it rented the crane to Defendant Global Crane Management Del Peru SAC (Global Crane), who hired Defendant S. Draper Enterprises, LLC (S. Draper) to operate the crane and conduct the salvage operation. Plaintiff also maintains that either Global Crane or S. Draper requested that Acorn procure an insurance policy to cover all risks of loss or damage to the crane valued at $1 million from any cause whatsoever, and that Essex issued an insurance policy purporting to provide such coverage. Plaintiff's Complaint (Doc. 2) asserts seven causes of action arising out of the loss of the crane: Count I for breach of contract against Essex for denial of insurance coverage (coverage claim); Counts II and III for breach of contract and negligence against Acorn for failure to procure an insurance policy covering the loss of the crane (failure to procure claims); Counts IV and V for breach of oral contract and negligence against S. Draper for failure to procure an insurance policy covering the loss of the crane (failure to procure claims); Count VI for negligence against S. Draper in its operation of the crane (underlying negligence claim); and Count VII for breach of contract against Global Crane (the rental agreement for use of the crane, Doc. 2-1) for failure to return the crane (underlying contract portion of claim) and not procuring insurance covering the loss of the crane (failure to procure portion of claim).

Essex's Notice of Removal[3] (Doc. 1) was filed June 24, 2011, and its Answer (Doc.

---

[3] Essex filed its Notice of Removal on the basis of its receipt of a courtesy copy of the Complaint on June 15, 2011, as permitted by 28 U.S.C. § 1446(b).

11) was filed on July 29, 2011. See Docs. 1 and 11. When Essex's Notice of Removal was filed, only Acorn had been served with Plaintiff's Complaint. Contrary to Essex's assertion in its memorandum in opposition (Doc. 17), the record demonstrates that Acorn was served on June 23, 2011, the day before Essex filed its Notice of Removal. See Doc. 18-1.

Global Crane was served on July 2, 2011 (see Doc. 27) and on September 26, 2011, filed it's Answer (Doc. 36) to the Complaint, and Crossclaim (Doc.37) against S. Draper asserting claims for breach of contract (for failure to procure insurance covering the damage to the crane) and common law indemnity(based upon the alleged negligence of S. Draper in operating the crane). S. Draper was served with Plaintiff's Complaint on August 17, 2011, and with Global Crane's Crossclaim on October 28, 2011, but as of the date of this Order has not appeared in this case. See Docs. 46 and 51.

Acorn filed a timely motion seeking either remand of this action to state court on the basis that it did not join the petition for removal and therefore the unanimity requirement for removal is not met, or alternatively abatement of Plaintiff's claims for failure to procure insurance coverage for the loss of the crane until a final determination is made whether Essex is liable for breach of contract for failure to provide coverage under the policy issued. The Court addresses each motion in turn.

## MOTION FOR REMAND

In cases involving multiple defendants, all defendants must consent to removal. See, e.g., Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001). This is commonly called the "unanimity rule" for removal.

Acorn does not consent to removal and seeks remand of this case to state court. Essex contends that the unanimity rule does not apply on the facts of this case. It asserts that Acorn's consent to removal is not required, and that remand of this action would be

unfair. Essex urges the Court to find that Acorn is a nominal party or has been fraudulently joined, and thus its consent to removal is not required. For the reasons set forth below, the Court finds that under the facts and circumstances of this case, no legal or factual basis exists upon which to make a finding of fraudulent joinder, but that Acorn should be deemed a nominal party and therefore its failure to consent to removal of this case does not require remand to state court.

Florida law is clear pursuant to Blumberg v. USAA Casualty Insurance Company, 790 So.2d 1061, 1065 (Fla. 2001), that claims for failure to procure insurance coverage do not accrue until the issue of the existence of insurance coverage has been completely resolved. That means that the Florida law applicable to this case treats Plaintiff's claims for failure to procure against Acorn, as well as those same claims against Global Crane and S. Draper, as contingent and premature, and that the liability for failure to procure claims, if any, only becomes an issue for resolution upon a final determination that no insurance coverage exists under the policy issued by Essex.

Only Acorn has sought remand or abatement of the failure to procure claims against it. Acorn also is the sole Defendant with only failure to procure claims asserted against it. Plaintiff has asserted underlying coverage, negligence, or breach of contract claims against all other Defendants.

On the motion for remand, only Essex's arguments that Acorn is a nominal party or that it has been fraudulently joined are at issue. The Court first discusses the issue of fraudulent joinder.

A nominal party is distinguished from a fraudulently joined one. Joinder may be found to be fraudulent for purposes of defeating removal when there is no possibility that a plaintiff would be able to establish a cause of action against the non-consenting

4

defendant in state court, there is evidence that plaintiff colluded with the non-consenting defendant in order to defeat removal, or that plaintiff has fraudulently pleaded jurisdictional facts. See, e.g., Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir 1997)(citations omitted); English v. UNUM Life Insurance Company of America, No. 6:10-cv-00318-JA-GJK, 2010 WL 3269794 (M.D.Fla. June 21, 2010); Sperling v. Banner Life Insurance Co., No. 10-22289-Civ, 2010 WL 4063743 at *1 (S.D.Fla. October 14, 2010).

Fraudulent joinder issues typically arise in the situation where a plaintiff is alleged to have joined or is attempting to join a non-diverse defendant in order to destroy federal diversity jurisdiction, thereby causing the case to be remanded to state court. As stated above, diversity of citizenship existed in this case from the time of filing in state court, that is, Acorn is a diverse defendant.

Pursuant to Blumberg, Plaintiff's claims against Acorn are premature and contingent claims. There is a possibility that Plaintiff's failure to procure claims will accrue if the insurance policy provided by Essex is determined not to cover Plaintiff's loss of the crane, so the Court cannot find that there is no possibility that Plaintiff can establish a cause of action against Acorn. In addition, Essex has not maintained, nor is there evidence in the record to support a finding of, collusion between Plaintiff and Acorn for the purpose of defeating diversity jurisdiction, or fraudulent pleading of jurisdictional facts. As a result, Essex's fraudulent joinder argument in opposition to the motion to remand lacks merit.

The Court next considers whether Acorn should be deemed a nominal party for purposes of removal of this case. It is a well-established exception to the unanimity rule that a nominal or formal party is neither necessary or indispensable and is not required to join in or consent to removal. See Smith v. The Health Center of Lake City, Inc., 252 F.Supp.2d 1336, 1339 n.5 (M.D.Fla. 2003) (citing Tri-Cities Newspapers, Inc. v. Tri-Cities

Printing & Assistants Local 349, 427 F.2d 325, 327 (5th Cir. 1970)[4](also cited in Monroe v. Continental Tire the Americas, LLC, No. 8:11-cv-1542-T-30EAJ, 8:11-cv-1565-T-30MAP, 2011 WL 3916020 at *2 (M.D.Fla, August 30, 2011). "The ultimate test of whether the ... defendants are ... indispensable parties ... is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." Id. The facts and circumstances of a particular case determine whether a party is necessary or indispensable. Diebel v. S.B. Trucking Company, 262 F.Supp.2d 1319, 1330 (M.D.Fla. 2003)(citing Tri-Cities, 427 F.2d at 327.)

Acorn acknowledges that the failure to procure claims against it are premature and contingent pursuant to Blumberg, but maintains that it is not a nominal party in that it would be unfair for the Court to render a final judgment on the issue of insurance coverage in its absence because of its interest in the outcome. The Court agrees that Acorn has an interest in the outcome of the coverage issue in the sense that the determination of whether or not coverage exists under the policy determines whether or not Plaintiff may proceed against Acorn on the failure to procure claims, and may have evidence relevant to the coverage issue. However, the Court is not convinced that such interest makes Acorn a necessary or indispensable party or that it would be inequitable or unfair to Acorn or Plaintiff to render a final judgment on the coverage or underlying negligence and contract claims regarding the loss of the crane without consideration of the failure to procure claims against Acorn. Cf. English, 2010 WL 3269794 at *6.

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Essex has not sought remand, and Plaintiff's coverage claim against it must be resolved completely before any claim against Acorn accrues. Plaintiff has asserted both contingent and premature failure to procure claims and non-contingent claims against Defendants Global Crane, which has not opposed removal, and S. Draper, which has not appeared in the action.

The Court is of the opinion that Acorn should be deemed a nominal party under the facts and circumstances of this case. It is uncontested that diversity jurisdiction existed in this case from the original filing in state court and that only contingent and premature claims for failure to procure are asserted against Acorn. If Acorn is not deemed a nominal party, the result would be that the Defendant concerned only with contingent and premature claims would be permitted to dictate whether other diverse Defendants with non-contingent claims asserted against them have access to a federal forum.

Because the Court finds that Acorn is a nominal party under the facts and circumstances of this case, it's motion for remand will be denied.

## MOTION FOR ABATEMENT

Acorn alternatively "requests that the Court abate plaintiff's claims against it until the coverage claims against the insurance company [Essex] have been resolved." Doc. 8 at 3. Acorn also asks 1) that it be excused from complying with any pretrial or case management orders; 2) that the Court enter a separate case management order to govern the claims against it once conditions for abatement have lapsed; 3) "[t]hat it be permitted to take discovery after the grounds for abatement have lifted;" 4) that no sworn testimony be used against it without the opportunity for cross examination; and 5) any other relief necessary to effectuate abatement. Doc. 8 at 8.

Despite these requests in its motion for abatement, Acorn apparently also seeks to participate in discovery, and the Case Management Report (Doc. 32) lists numerous "Special Procedural Concerns" regarding such participation that it requests the Court consider with respect to its motion for abatement. Essex does not agree that the scope of Acorn's requested participation in discovery is appropriate, because the claims against it have not accrued. See Docs. 33 at 5 and 32 at 4-7. In lieu of abatement, Essex urges the Court to dismiss without prejudice the failure to procure claims against Acorn.

The Blumberg court suggests in a footnote that "[t]he proper remedy for premature litigation 'is an abatement or stay of the claim for the period necessary for its maturation under the law.'" 790 So.2d at 1065 at n.2 (citation omitted). The Court notes that despite this suggestion in Blumberg, a question exists under Florida law whether a contingent and premature claim for failure to procure insurance coverage should be abated or dismissed without prejudice. See, e.g., Sperling, 2010 WL 4063743 at *3 (noting the lack of clarity under Florida law). At least one other Florida District Court, and nearly all the Courts from this District which have addressed the issue, have appropriately found dismissal without prejudice to be warranted under the circumstances of the case presented. See, e.g., Mt. Hawley Insurance Company v. Giant Oil, Inc., No. 8:09-cv-2227-T-23TGW, 2010 WL 1525518 (M.D.Fla. April 15, 2010)(when the mere passage of time is insufficient to cure the premature element of a cause of action, dismissal without prejudice is appropriate, citing Blumberg and Allstate Ins. Co. v. Zehr, No. 8:06-cv-407-T-27MSS, 2006 WL 2850438 at *6 (M.D.Fla. October 3, 2006)); Penn-America Insurance Company v. Edwards, No. 3:09-cv-153/MCR/EMT, 2009 WL 1919353 at * 3 (N.D.Fla. July 1, 2009)(abatement or dismissal depends on facts and circumstances of particular case and dismissal appropriate where mere passage of time is insufficient to cure premature element of claim);

(Looney v. Protective Life Insurance Company, No. 8:07-cv-1020-T-17TBM, 2007 WL 2669190 (M.D.Fla. September 6, 2007)(dismissal appropriate where mere passage of time is insufficient to cure premature element of claim); Pollywog Tansport, Inc. v. Abest Agencies, Inc., No. 8:04-cv-267-T-26EAJ at *1 (M.D.Fla. July 16, 2004)(concluding that claim against insurance agent for negligence is premature, should be dismissed without prejudice and not abated citing Blumberg). But cf., e.g., United Rentals, Inc. v. Kimmins Contracting Corp., No. 8:08-cv-853-T-33TBM, 2008 WL 5246313 at *5 n.8 (M.D.Fla. December 1, 2008)(noting trend of Florida state courts after Blumberg to abate rather than dismiss premature claims).

The parties have not cited nor has the Court found a case precisely on point factually or with regard to the procedural posture of this case. It is significant, as discussed above with regard to the motion for remand, that Acorn is not a necessary or indispensable party for determination of the coverage and underlying negligence and contract claims. In addition, the claims against Acorn are not only premature, in that they have not yet accrued, but they are also contingent, in that they may never accrue if the insurance policy issued by Essex is determined to cover Plaintiff's loss of the crane.

Based on the facts and circumstances of this case, the Court will dismiss without prejudice Plaintiff's claims against Acorn for breach of contract and negligence in failing to procure insurance coverage (Counts II and III of the Complaint) because those claims are contingent and premature and will not accrue, if at all, until the issues concerning insurance coverage against Essex and the underlying negligence and contract claims against the other Defendants have been fully resolved. Based on the foregoing discussion, the Court also will dismiss without prejudice Plaintiff's failure to procure claim against Global Crane (asserted as a portion of Count VII).

9

Therefore the Court finds that Plaintiff's claims for failure to procure against Acorn (Counts II and III of Plaintiff's Complaint), as well its failure to procure claim against Global Crane (portion of Count VII), should be dismissed without prejudice. The Court makes no findings at this time with regard to any of the claims or crossclaims against S. Draper, which has been served, but has not yet appeared in this case.

Upon review of the matter, it is

**ORDERED AND ADJUDGED:**

That "Defendant Acorn's Partially Unopposed Motion for Remand and Abatement of Plaintiff's Action" (Doc. 8) is denied as to the motion for remand, and denied as to the motion for abatement, but all claims related to failure to procure insurance are hereby dismissed without prejudice as to Defendants Acorn (Counts II and III of Plaintiff's Complaint Doc. 2) and Global Crane (portion of Count VII of Plaintiff's Complaint Doc. 2).

**DONE AND ORDERED** this __14th__ day of December 2011.

*Howell W. Melton*
Senior United States District Judge

c:   Counsel of Record